IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE LUIS BOJORQUEZ-VALENZUELA,

                Petitioner,

  v.

WARDEN E. EMMERICH,

                Respondent.

OPINION and ORDER

24-cv-529-jdp

---

Petitioner Jorge Luis Bojorquez-Valenzuela, proceeding without counsel, seeks emergency relief under 28 U.S.C. § 2241. Dkt. 1. Bojorquez-Valenzuela is incarcerated at FCI Oxford and has a projected release date of March 7, 2025. Bojorquez-Valenzuela contends that he's entitled to earned-time credit under First Step Act (FSA) that would, if received, result in immediate transfer to the custody of Immigration and Customs Enforcement (ICE).

Bojorquez-Valenzuela concedes that he hasn't completed the Bureau of Prison's administrative remedy program, but he contends that I should excuse that failure. Respondent contends that Bojorquez-Valenzuela cannot meet any exception to the exhaustion requirement. Dkt. 8. Bojorquez-Valenzuela didn't reply. I agree with respondent that Bojorquez-Valenzuela didn't exhaust administrative remedies, and that no exception to the exhaustion requirement applies. Therefore, I will dismiss the petition as unexhausted.

I begin with some background. Bojorquez-Valenzuela was convicted in the District of Arizona for one count of importing fentanyl, in violation of 21 U.S.C. §§ 960(a)(1), 960(b)(3), and 952(a). *United States v. Bojorquez-Valenzuela*, No. 23-cr-619 (D. Ariz.), Dkt. 36. Bojorquez-Valenzuela received a 27-month sentence. *Id.* Bojorquez-Valenzuela has been incarcerated at FCI Oxford since May 20, 2024. Dkt. 9 ¶ 5. As of the date of respondent's

response, Bojorquez-Valenzuela hadn't filed an administrative remedy request while in BOP custody. *Id.* ¶ 6.

Bojorquez-Valenzuela brought his petition in July 2024. Dkt. 1. I take Bojorquez-Valenzuela to contend that that the BOP won't apply 365 days of FSA time credits to his sentence because it has incorrectly determined that he's subject to a final order of deportation. *See id.* at 1–2.

Courts generally require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). The BOP's administrative remedy program allows prisoners to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the regional director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the regional director's response, he may submit an appeal on a BP-11 form to the Office of the General Counsel within 30 days. *Id.* The prisoner must complete this process to exhaust the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008).

I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*,

355 F.3d 1010, 1016 (7th Cir. 2004). Bojorquez-Valenzuela relies on the first and third exceptions. *See* Dkt. 1 at 1.

Bojorquez-Valenzuela contends that completing the process would prejudice him because of the time required. But Bojorquez-Valenzuela isn't scheduled to be released until March 2025 and, if he diligently pursues an administrative remedy request, it's feasible for him to complete the process within 90 days. *See* 28 C.F.R. § 542.18 ("Once filed, response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days."); *cf. Teferi v. Keyes*, No. 23-cv-159-jdp, 2023 WL 4930108, at *2 (W.D. Wis. Aug. 2, 2023) (no prejudice where petitioner could complete final two steps of BOP's administrative remedy process three months before projected release date).

But, even if that timing prejudiced Bojorquez-Valenzuela, he hasn't provided a good reason for his failure to start the administrative remedy process sooner. A petitioner "cannot manufacture exigency by tarrying." *Richmond*, 387 F.3d at 604. Bojorquez-Valenzuela doesn't clearly say why he didn't pursue an administrative remedy request sooner. Bojorquez-Valenzuela's position may be that his unit team misled him to believe that the process would be futile by saying that he was ineligible for FSA time credit due to his immigration status. *See* Dkt. 1 at 1. But that alleged misstatement wouldn't excuse Bojorquez-Valenzuela's failure to pursue an administrative remedy request with more urgency. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)). Bojorquez-Valenzuela "should not be able to bypass § 2241's exhaustion requirement through

3

a lack of diligence." *Teferi*, 2023 WL 4930108, at *2. Bojorquez-Valenzuela hasn't met the prejudice exception.

Bojorquez-Valenzuela also contends that exhausting administrative remedies would be futile because the BOP has predetermined the issue. But the informal statements of Bojorquez-Valenzuela's unit team wouldn't conclusively determine his eligibility for FSA time credits. *See Brown v. Young*, No. 08-cv-1586, 2009 WL 666945, at *3 (W.D. La. Feb. 3, 2009) ("Since it is apparent that he has never utilized the review process at either the Regional or National level he has not shown that such an appeal would prove futile."); *see also Perez*, 182 F.3d at 536. Bojorquez-Valenzuela hasn't cited any policy statements or other official agency actions to show that the BOP is biased or has predetermined the issue. Bojorquez-Valenzuela cites a section of the FSA providing that aliens are ineligible to have earned-time credits applied to their sentences only if they're subject to a final order of deportation. Dkt. 1 at 1–2 (citing 18 U.S.C. § 3632(d)(4)(E)). But that provision doesn't apply because Bojorquez-Valenzuela is challenging a fact-specific determination that his order of deportation is final. Bojorquez-Valenzuela hasn't met the futility exception.

In sum, Bojorquez-Valenzuela hasn't exhausted administrative remedies or shown an adequate basis to excuse his failure to complete that task. Consequently, I will dismiss the petition without prejudice for failure to exhaust administrative remedies. *Brown v. Ashcroft*, 41 F. App'x 873, 875 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1. Petitioner Jorge Luis Bojorquez-Valenzuela's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk is directed to enter judgment and mail petitioner copies of this order and the judgment.

Entered September 18, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge